Order filed April 21, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00216-CR

                                                    __________

 

                      MARTIN
AREVALLO-GUERRERO, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                  Trial
Court Cause No. CR 36669

 



 

                                                                     O
R D E R

            Upon
his plea of not guilty to a four-count indictment, the jury convicted Martin
Arevallo-Guerrero of three counts of indecency with a child.  On Count I, the
jury assessed his punishment at confinement in the Institutional Division of
the Texas Department of Criminal Justice for a term of twelve years and imposed
a fine of $2,500.  On Counts III and IV, the jury assessed his punishment at
confinement in the Institutional Division of the Texas Department of Criminal
Justice for terms of twenty years on both offenses and imposed a fine of $2,500
on both offenses.[1] 
The trial court ordered that the punishment assessed by the jury on Counts III
and IV will not begin until appellant completes the punishment assessed on
Count I.  We abate the appeal and remand to the trial court for appointment of
new appellate counsel.  

Appellant’s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel asserts that he has professionally and
conscientiously examined the record and applicable law and that he has
concluded that the appeal is frivolous.  Counsel has provided appellant with a
copy of the brief and advised appellant of his right to review the record and
file a response to counsel’s brief.  A response has not been filed.[2] 
It appears that court-appointed counsel has attempted to comply with the
requirements of Anders v. California, 386 U.S. 738 (1967); In re
Schulman, 252 S.W.3d 403 (Tex. Crim. App. 2008); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v.
State, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

In addressing an Anders brief, a court of appeals may only determine (1) that
the appeal is wholly frivolous and issue an opinion explaining that it has
reviewed the record and finds no reversible error or (2) that arguable grounds
for appeal exist and remand the cause to the trial court so that new counsel
may be appointed to brief the issues. Schulman, 252 S.W.3d 403; Bledsoe
v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).  Following the
procedures outlined in Anders and Schulman, we have independently
reviewed the record, and we disagree with court-appointed counsel’s conclusion
that an appeal would be frivolous.  We note that the guilt/innocence phase of
trial spanned three days.  Approximately ten witnesses testified, including
appellant, during the guilt/innocence phase.  In the court’s perspective, an
appeal arising from a contested trial on guilt/innocence is not readily
amenable to disposition under Anders.  At a minimum, a challenge to the
sufficiency of the evidence would appear to present arguable grounds on appeal.

            Accordingly,
we grant counsel’s motion to withdraw, abate this proceeding, and remand the
case to the trial court for appointment of new appellate counsel.  See
Bledsoe, 178 S.W.3d at 826-27.  We direct the trial court to appoint new
counsel to represent appellant on appeal. The trial court shall furnish the
name, address, telephone number, and state bar number of new counsel by its
order appointing new counsel.  The order shall be included in a supplemental
clerk’s record, which shall be filed with the clerk of this court by May 30,
2011.  Appellant’s brief shall be due thirty days from the date of the trial
court’s appointment of new counsel.  All other appellate deadlines shall be in
accordance with the Texas Rules of Appellate Procedure.

The
motion to withdraw is granted, and the appeal is abated and remanded to the
trial court in accordance with this order.

 

 

                                                                                                PER
CURIAM 

 

 

April 21, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[3]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[4]









[1]The jury acquitted appellant on Count II of the
indictment.





 

[2]By letter, this court granted appellant thirty days in
which to exercise his right to file a response to counsel’s brief.

.





[3]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[4]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.